AUSA: Samantha Fry

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# 26 MAG 2707

UNITED STATES OF AMERICA

v.

ALFRED PABON,

Defendant.

**SEALED COMPLAINT**

Violation of 18 U.S.C. § 2250

COUNTIES OF OFFENSE:
New York and Westchester

SOUTHERN DISTRICT OF NEW YORK, ss.:

RACHEL KIDD, being duly sworn, deposes and says that she is a Special Agent with the U.S. Department of Homeland Security, Homeland Security Investigations ("HSI"), and charges as follows:

## COUNT ONE
**(Failure to Register as a Sex Offender)**

1. From at least on or about June 6, 2025 up to and including the date of the filing of this Complaint, in the Southern District of New York and elsewhere, ALFRED PABON, the defendant, being an individual required to register under the Sex Offender Registration and Notification Act ("SORNA") and a sex offender as defined for the purposes of SORNA by reason of a conviction under federal law, knowingly failed to register and update a registration as required by SORNA, to wit, PABON, an individual required to register under SORNA, created and used new email addresses and social media screen names, without updating his sex offender registration in Westchester County, New York and New York, New York, as required by law.

(Title 18, United States Code, Section 2250.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

2. I am a Special Agent with HSI and am currently assigned to the Child Exploitation Investigations Team. This affidavit is based in part upon my examination of reports and records, as well as my conversations with others. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3. Based on my review of criminal history reports, court records, and New York State sex offender registration records for ALFRED PABON, the defendant, my conversations with other law enforcement personnel, and based on my training and experience, I have learned, among other things, the following:

a. On or about May 1, 2018, PABON was convicted after a guilty plea in the United States District Court for the Southern District of New York to receipt and distribution of

child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B) and (b)(1). In connection with that conviction, on or about April 23, 2019, PABON was sentenced to 72 months' imprisonment and five years' supervised release.

b. As a result of his federal conviction, PABON is required under SORNA to register as a sex offender, and keep that registration current, in each jurisdiction where he resides and where he is an employee.

c. On or about August 22, 2024, the Supreme Court of the State of New York County issued a decision assessing PABON as a Level Two sex offender, pursuant to New York Correction Law § 168-l(6)(b). Because PABON has been designated a Level Two sex offender, lifetime registration is required.

d. On or about August 30, 2024, PABON was released from custody after serving his term of imprisonment and began his term of supervised release in the Southern District of New York.

4. Based on my review of New York State sex offender registration records for ALFRED PABON, the defendant, and my conversations with other law enforcement personnel, I have learned, among other things, the following:

a. On or about April 15, 2024, in anticipation of his release from imprisonment, PABON completed a Sex Offender Registration Form (the "Registration Form"), as required by his reporting obligations, and listed as his email addresses and online screen names only one particular email address ("Email Address-1").

i. The back of the Registration Form stated, in part: "PLEASE READ CAREFULLY THROUGH THE FOLLOWING SEX OFFENDER REGISTRATION ACT REQUIREMENTS. YOU ARE LEGALLY OBLIGATED TO COMPLY WITH EVERY PART OF THIS LAW; FAILURE TO DO SO IS A CRIME."

ii. The Registration Form then listed nine requirements, one of which stated: "You are required to provide DCJS [the New York State Division of Criminal Justice Services] with any e-mail addresses and screen names that you use and your internet accounts including internet service provider(s) information. Any changes or additions to the information must be reported to DCJS in writing no later than 10 days after the change."

iii. On the front side of the Registration Form, PABON signed a certification that read: "I have read the back of this form. I understand that I have a duty to register and my duties were explained to me."

b. On or about October 4, 2024, PABON completed a Sex Offender Change of Address Form (the "2024 Change of Address Form"), listing a new primary address located in Manhattan, New York and am employer located in Manhattan, New York. The 2024 Change of Address Form also included sections to update other categories of information, including email addresses and screen names. PABON did not list any new email addresses or screen names on the 2024 Change of Address Form.

i. At the end of the 2024 Change of Address Form, PABON signed a certification reading: "I acknowledge that the information on this form is true and accurate. Offering false information or failing to provide required information is a crime."

c. On or about March 18, 2025, PABON completed a Sex Offender Registry Annual Address Verification Form (the "2025 Verification Form"), as detailed below:

i. The first paragraph of the 2025 Verification Form stated, in part: "The Sex Offender Registration Act (SORA) requires you to review, update, and sign this Annual Address Verification Form and mail this form back to the Division of Criminal Justice Services within 10 days from receipt of this form. You must do this whether or not you have reported updated information to parole, probation or a law enforcement agency. . . . You must also report your internet service provider(s), all screen names, all e-mail addresses and all other information on the form. . . ."

ii. The 2025 Verification Form then provided the following instructions: "Review each line of information on this form carefully. If you find any information that is incorrect or outdated, cross out incorrect or outdated information with a single line. Enter any corrections or any new/additional information in the blank boxes provided."

iii. On the 2025 Verification Form, PABON corrected the pre-populated information for his weight, secondary address, and PO box address by crossing out the incorrect or outdated information and, immediately below that, writing in the corrected or updated information. PABON also added a driver's license number by writing in the new information in the blank box for driver's license number. The sections for email addresses and screen names were pre-populated with only Email Address-1 and PABON did not correct or add any email addresses or screen names.

iv. At the end of the 2025 Verification Form, PABON signed a certification reading: "I CERTIFY THAT THE INFORMATION ON THIS FORM IS COMPLETE AND ACCURATE. I HAVE CROSSED OUT ALL INFORMATION THAT IS INCORRECT OR OUTDATED. I HAVE ADDED ALL CORRECTIONS AND ALL NEW INFORMATION. I UNDERSTAND THAT FAILING TO PROVIDE THIS INFORMATION OR PROVIDING FALSE INFORMATION IS A FELONY."

d. On or about May 28, 2025, PABON completed a Sex Offender Change of Address Form (the "2025 Change of Address Form"), listing a new primary address located in Westchester County, New York. The 2025 Change of Address Form also included sections to update other categories of information, including email addresses and screen names. PABON did not list any new email addresses or screen names on the 2025 Change of Address Form.

i. At the end of the 2025 Change of Address Form, PABON signed a certification reading: "I acknowledge that the information on this form is true and accurate. Offering false information or failing to provide required information is a crime."

e. On or about March 19, 2026, PABON completed a Sex Offender Registry Annual Address Verification Form (the "2026 Verification Form"), as detailed below:

i. The 2026 Verification Form included the same statements and instructions quoted above in Paragraphs 4(c)(i) through 4(c)(ii).

ii. On the 2026 Verification Form, the sections for email addresses and screen names were pre-populated with only Email Address-1 and PABON did not correct or add any email addresses or screen names.

iii. At the end of the 2026 Verification Form, PABON signed the same certification quoted above in Paragraph 4(c)(iv).

5. Based on my review of court records, provider records, and law enforcement reports and records concerning ALFRED PABON, the defendant, my conversations with other law enforcement personnel, and my training and experience, I have learned, among other things, the following, regarding PABON's use of additional undisclosed email addresses and screen names that he did not include in his sex offender registration as required by law:

a. On or about June 6, 2025, PABON created a particular email address ("Email Address-2") and listed his associated account name as "Al Fie."

b. On or about June 6, 2025, PABON created a particular screen name ("Screen Name-1") with a particular social media and messaging application ("Application-1"), listed his associated account name as "alfiemv," and provided Email Address-2 as his email address.

c. On or about July 17, 2025, PABON created a particular email address ("Email Address-3") and listed his associated account name as "Al Fred."

d. At least as of on or about August 14, 2025, PABON created a particular screen name ("Screen Name-2") with a particular social media and messaging application ("Application-2"), listed his associated account name as "Al Fred," and provided Email Address-3 as his email address.

e. At least as of on or about August 23, 2025, PABON created a particular screen name ("Screen Name-3") with a particular social media and messaging application ("Application-3"), and listed his associated account name as "Al."

f. Using Screen Name-1 and Screen Name-2, PABON discussed online over Application-1 and Application-2, among other things, potential sexual exploitation of an eight-year old minor ("Victim-1") and shared clothed photographs of Victim-1. For example, on or about August 14, 2025, PABON, using Screen Name-2, discussed Victim-1 with another individual ("User-1") on Application-2. The conversation is quoted below, in part:

> Screen Name-2 (PABON): "and you want me to set one of these chats up for [Victim-1]"
>
> User-1: "yes could you"
>
> Screen Name-2 (PABON): "I guess"

Screen Name-2 (PABON): "what are you going to talk to her about"

User-1: "I'll see when I can"

Screen Name-2 (PABON): "you have plans for her"

User-1: "maybe yeah"

Screen Name-2 (PABON): "I'm going to assume it's more than just talking"

User-1: "of course I was going to ask her to show me"

Screen Name-2 (PABON): "show you what"

User-1: "her body"

Screen Name-2 (PABON): "dressed?"

User-1: "no naked"

Screen Name-2 (PABON): "you know she's only 8 years old right"

User-1: "ik"[1]

Screen Name-2 (PABON): "okay just checking"

g. On or about January 14, 2026, officers from the SDNY Probation Office ("SDNY Probation Officers") conducted a search of PABON's residence pursuant to the search conditions of his terms of supervised release. During the search, PABON admitted to having an unmonitored cellphone (the "Cellphone") stored in a locker at his place of employment in Manhattan, New York, in violation of his conditions of supervised release. PABON agreed to meet the SDNY Probation Officers at his place of employment, consented to a manual inspection of the Cellphone, and provided the Cellphone's passcode to the SDNY Probation Officers.

h. During a subsequent search of the Cellphone pursuant to a judicially-authorized search warrant, law enforcement found on the Cellphone, among other things, approximately two images of child pornography, the communications described above in Paragraph 5(f) as well as similar conversations on other applications and by text message, an email application that was logged into Email Address-3, and Application-3, which was logged into using Screen Name-3. Accordingly, I believe that PABON created and used Email Address-2, Email Address-3, Screen Name-1, Screen Name-2, and Screen Name-3.

6. Based on my review of New York State sex offender registration records for ALFRED PABON, the defendant, and my conversations with other law enforcement personnel, I

[1] Based on my training and experience, I believe "ik" is a shorthand abbreviation for "I know."

have learned that, to date, PABON has not reported Email Address-2, Email Address-3, Screen Name-1, Screen Name-2, or Screen Name-3 to the New York State DCJS as required by law.

WHEREFORE, I respectfully request that a warrant be issued for the arrest of ALFRED PABON, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

/s/ Rachel Kidd, by Court with permission

Rachel Kidd
Special Agent
Homeland Security Investigations

Sworn to me through the transmission of this Complaint by reliable electronic means (telephone), this 8 day of July, 2026.

THE HONORABLE HENRY J. RICARDO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK